# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| WILLIAM HERCULES DAVIS, JR., | ) ) ) | |
| Plaintiff, | ) ) | No. 23-707 C |
| v. | ) ) ) | (Filed: July 26, 2023) |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) ) ) | |

William Hercules Davis, pro se, Morehead City, North Carolina.

Stephanie A. Fleming, Trial Attorney, U.S. Department of Justice, Civil Division, Washington, DC, with whom were Corinne A. Niosi, Assistant Director, Patricia M. McCarthy, Director, and Brian M. Boynton, Principal Deputy Assistant Attorney General, for Defendant.

### OPINION AND ORDER

**Kaplan, Chief Judge.**

William H. Davis, Jr., filed a complaint in this Court on May 11, 2023. Docket No. 1. In his complaint, Mr. Davis alleges that the United States has created a "minor estate trust" in his name. Compl. at 2. He alleges that the United States "intended to create a trust" in his name by virtue of various New Deal laws and that his birth certificate was used as "collateral as security for the Bankruptcy of the United States." See id. at 3–4. He also appears to claim relief pursuant to the Due Process Clause of the Fourteenth Amendment, under which, he alleges, "the assets held using the Birth Certificate as collateral must be released, after the minor reaches the age of majority and when the flesh and blood man or woman has obtained a double authenticated Birth Certificate." Id. at 4. Mr. Davis does not seek any specific dollar amount, seeking only the "[a]mount in [the] trust account." Id. at 7.

On July 7, 2023, the government moved to dismiss for lack of jurisdiction or, in the alternative, for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). Docket No. 9. For the reasons stated below, the government's motion under RCFC 12(b)(1) is **GRANTED**.

**DISCUSSION**

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts alleged in the complaint and "draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff, however, has the burden of establishing subject-matter jurisdiction by preponderant evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

Plaintiffs proceeding pro se, lacking the benefit of counsel in preparing their claims, receive a degree of latitude in their pleadings not afforded parties represented by counsel. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that the pleadings of pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, pro se plaintiffs must meet the burden of establishing that the Court has subject-matter jurisdiction. See Trusted Integration, 659 F.3d at 1163.

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). While the Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), it does not confer any substantive rights, United States v. Testan, 424 U.S. 392, 398 (1976). Plaintiffs invoking the court's jurisdiction must therefore identify a substantive right to money damages arising out of a contract, statute, regulation, or constitutional provision. See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

Mr. Davis has failed to establish that this Court has jurisdiction over his allegations. The Court does not have jurisdiction to award relief pursuant to the Fourteenth Amendment's Due Process Clause, which is the primary source of law upon which Mr. Davis relies. See Goforth v. United States, 813 Fed. Appx. 604, 605 (Fed. Cir. 2020); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment is not "a sufficient basis for jurisdiction because [it] do[es] not mandate payment of money by the government."). Mr. Davis has also failed to clearly allege the violation of any other law that bestows on him a substantive right to money damages.

Mr. Davis also mentions several laws enacted during the New Deal era by which, he claims, the United States declared bankruptcy and began using birth certificates as "collateral." See Compl. at 2–3 (citing, among others, the Securities Exchange Act, 15 U.S.C. § 78a et seq., and the Social Security Act, 42 U.S.C. ch. 7). His claims are very difficult to follow, as they are based on the so-called "sovereign citizen" theory. That theory posits (among other things) that an individual's "birth certificate (and/or other documents) evidences a trust and that he or she has the right to collect the funds in that trust from the United States." Potter v. United States, 161 Fed. Cl. 24, 28 (2022) (describing beliefs of sovereign citizen movement). This theory is not grounded in the law but in a set of fantastical beliefs. Id. Such a fictitious theory cannot serve as a basis for this Court's exercise of jurisdiction. See id. (citing Boeing Co. v. United States, 968 F.3d 1371, 1383 (Fed. Cir. 2020) (stating that "[a]llegations of subject matter jurisdiction, to suffice, must satisfy a relatively low standard," but that "essentially fictitious" claims do not meet the standard (quoting Shapiro v. McManus, 577 U.S. 39, 45-46 (2015))); see also Basey v.

United States, No. 22-533C, 2022 WL 3590265, at *3 (Fed. Cl. Aug. 23, 2022) (finding allegations based on sovereign citizen theory so "wholly insubstantial" that dismissal for lack of subject matter jurisdiction is appropriate.") (citations omitted).

      Finally, Mr. Davis has filed a motion for leave to proceed in forma pauperis. Docket No. 2. The Court originally rejected Mr. Davis' motion for failing to provide any information about his assets or his ability to pay. Docket No. 6. However, Mr. Davis has since filed a "Response" to the Court's Order that provides additional information regarding his financial circumstances. See Pl.'s Resp. ¶ 9, Docket No. 7 ("I do not have any assets for security nor money on hand. As to . . . monthly expenses those funds come from family members, relatives or close friends."). The Court finds that Mr. Davis' submission has satisfied the elements of 28 U.S.C. § 1915(a) and will grant the motion for the purposes of this Opinion and Order.

      For these reasons, the government's motion to dismiss, Docket No. 9, is **GRANTED**. Mr. Davis' motion to proceed in forma pauperis, Docket No. 2, is **GRANTED**. The clerk is directed to enter judgment accordingly.

  **IT IS SO ORDERED.**

                          *Elaine D. Kaplan*
                          ELAINE D. KAPLAN
                          Chief Judge